**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary S. Garrow, | No. CV-24-00325-TUC-EJM |
| Plaintiff, | |
| v. | **ORDER** |
| First Convenience Bank, | |
| Defendant. | |

Currently pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 10). Plaintiff has filed her response, Defendant replied. Pl.'s Response to Def.'s Mot. to Dismiss Pl.'s Compl. (Doc. 16); Def.'s Reply in Support of Def.'s Mot. to Dismiss Pl.'s Compl. (Doc. 17). The motion is fully briefed and ripe for review.

In its discretion, the Court finds this case suitable for decision without oral argument. *See* LRCiv. 7.2(f). The Parties have adequately presented the facts and legal arguments in their briefs and supporting documents, and the decisional process would not be significantly aided by oral argument.

**I.     FACTUAL BACKGROUND[1]**

On March 29, 2023, Plaintiff Mary S. Garrow filed a *pro se*, voluntary petition for bankruptcy pursuant to Chapter 7, Title 11, United States Code. *In re: Mary Sue Garrow*, Case No. 4:23-bk-01943-SHG, Voluntary Petition (D. Ariz. Mar. 29, 2023),

---

[1] For purposes of this Report and Recommendation only, the Court will take as true the allegations contained in Plaintiff's Complaint (Doc. 1).

ECF No. 1.[2] Defendant First Convenience Bank was listed as a creditor in Plaintiff's bankruptcy. *See In re: Mary Sue Garrow*, Case No. 4:23-bk-01943-SHG, Mailing List Decl. (D. Ariz. Apr. 3, 2023), ECF No. 14. On July 19, 2023, the bankruptcy court entered its discharge order in Plaintiff's bankruptcy proceeding. *In re: Mary Sue Garrow*, No. 4:23-bk-01943-SHG, Order of Discharge (D. Ariz. July 19, 2023), ECF No. 54.

On October 17, 2023, "the Bank Manager of First Convenience Bank, Chantel Duarte, offered Plaintiff an option to pay $130.00, because she had an outstanding balance of $400+, and this would get her in good standing with the Bank and stated that she could resume banking with them." Compl. (Doc. 1) at ¶ 2. "On June 4 and June 17, 2024, Plaintiff sent an official demand letter for $10,000.00 and requested a response by June 25, 2024[.]" *Id.* at ¶ 4. Plaintiff attempted three (3) unsuccessful fax transmissions[.]" *Id.*

Plaintiff alleges that "under the bankruptcy discharge rules of Chapter 7, it clearly states that a creditor can no longer attempt to collect the expunged debt." *Id.* at ¶ 2. Plaintiff further alleges that "the bank's action was out of retaliation because the Bank Manager requested this amount with absolutely no regard for the bankruptcy laws that prevented such actions on the part of a creditor." *Id.* at ¶ 3. Plaintiff seeks relief including $210,000.00 in damages, as well as "punitive damages for the intentional infliction of emotional distress[.]" Compl. (Doc. 1) at 3.

## II.   STANDARD OF REVIEW

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P. While Rule 8 does not

---

[2] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). United States Bankruptcy Court for the District of Arizona orders and proceedings are proper material for judicial notice. *See Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006) (taking judicial notice of orders and proceedings before another tribunal).

demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss.").

Dismissal is appropriate where a plaintiff has failed to "state a claim upon which relief can be granted." Rule 12(b)(6), Fed. R. Civ. P. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted).

"When ruling on a motion to dismiss, [the Court must] accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005)). "The court draws all reasonable inferences in favor of the plaintiff." *Id.* (citing *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008)). This Court is not required, however, to accept conclusory statements as a factual basis. *See Twombly*, 550 U.S. at 555; *Mann v. City of Tucson*, 782 F.2d 790, 793 (9th Cir. 1986) ("Although we must, in general, accept the facts alleged in the complaint as true, wholly vague and conclusory allegations are not sufficient to withstand a motion to dismiss.").

. . .

. . .

## III. ANALYSIS

Defendant First Convenience Bank seeks dismissal of Plaintiff's Complaint (Doc. 1), pursuant to Rule 12(b)(6), Federal Rules of Civil procedure, because it fails to state a claim upon which relief can be granted. *See* Def.'s Mot. to Dismiss (Doc. 10). In her response (Doc. 16), Plaintiff seeks "additional time to secure legal counsel to represent her in addressing the Bankruptcy Court violation issues as well as the District Court issues for damages." Pl.'s Response to Def.'s Mot. to Dismiss (Doc. 16) at 1. In the time since briefing was completed and this Order, Plaintiff has not filed anything to indicate that she has secured counsel or otherwise made efforts to do so. Furthermore, the Court alerted her to the consequences of failing to adequately respond to Defendant's motion. *See* Order 8/9/2024 (Doc. 15). The Court finds that Plaintiff's Complaint (Doc. 1) fails to state a cognizable claim and neither additional time nor additional facts will correct it.

### A. *Violation of Bankruptcy Discharge*

Broadly construed, Plaintiff seeks to recover damages for an alleged violation of a bankruptcy court's discharge order. Section 524 provides that a discharge order "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]" 11 U.S.C. § 524(a)(2). The Ninth Circuit Court of Appeals has unequivocally held that "a debtor who alleges a violation of a bankruptcy court's discharge order has no private right of action under 11 U.S.C. § 524." *Brown v. Transworld Systems, Inc.*, 73 F.4th 1030, 1038 (9th Cir. 2023); *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 506–10 (9th Cir. 2002). "[C]ivil contempt is the normal sanction for violation of the discharge injunction." *Walls*, 276 F.3d at 507 (alteration in original) (quoting 4 *Collier on Bankruptcy* ¶ 524.02[2][c] (15th ed. 1999). Because "compensatory civil contempt allows an aggrieved debtor to obtain compensatory damages, attorneys fees, and the offending creditor's compliance with the discharge injunction . . . [it] is the appropriate remedy and no further remedy is necessary." *Id.* (citing *Pertuso v. Ford Motor Credit Co.*, 233 F.3d

417, 423 (6th Cir. 2000); then citing *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 917 (7th Cir. 2001)). Plaintiff's alleged cause of action is "squarely foreclosed by *Walls*" and shall be dismissed. *See Transworld Systems, Inc.*, 73 F.4th at 1037–38.

### B. Fair Debt Collections Practices Act

To the extent that Plaintiff is attempting to allege a Fair Debt Collections Practices Act (FDCPA) claim, this effort must also fail. *Walls*, 276 F.3d at 510. "The Bankruptcy Code provides its own remedy for violating § 524, civil contempt under § 105." *Id.* "To permit a simultaneous claim under the FDCPA would allow through the back door what [Garrow] cannot accomplish through the front door—a private right of action." *Id.* "Allowing [an] FDCPA claims[] to proceed would 'circumvent the remedial scheme of the [Bankruptcy] Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt.'" *Transworld Systems, Inc.*, 73 F.4th at 1039 (3d alteration in original) (quoting *Walls*, 276 F.3d at 510). Accordingly, the Court will not read an FDCPA claim into Plaintiff's Complaint.

### C. Leave to Amend

"[I]n dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern Calif. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The Court finds that there is no set of facts that could cure the deficiencies of Plaintiff's Complaint. Accordingly, this matter will be dismissed without leave to amend.

### D. Intentional Infliction of Emotional Distress

Plaintiff arguably alleges state law claim for intentional infliction of emotional distress. *See* Compl. (Doc. 1) at 3. The Court may exercise supplemental jurisdiction if it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Conversely, a district court "may decline to exercise supplemental

jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c). Because Plaintiff cannot sustain a cause of action over which this Court has jurisdiction, it will decline to exercise supplemental jurisdiction over Plaintiff's state law claim.

## IV.   CONCLUSION

Based upon the foregoing, IT IS HEREBY ORDERED that:

1) Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 10) is GRANTED;

2) Plaintiff's Complaint (Doc. 1) is DISMISSED WITH PREJUDICE; and

3) The Clerk of the Court shall close its file in this matter.

Dated this 2nd day of January, 2025.

Eric J. Markovich
United States Magistrate Judge